IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMIE EWING,

    Plaintiff,                      No. CIV 11-cv-2568-GEB-JFM (PS)

    vs.

PATRICK R. DONAHOE, *Postmaster General*, *United States Postal Service*,

    Defendant.                  FINDINGS & RECOMMENDATIONS

_____/

On December 1, 2011, the court held a hearing on defendant Patrick Donahoe's motion to dismiss. Plaintiff appeared in pro per. Lynn Trinka Ernce appeared on behalf of defendant. Upon consideration of the motion on file in this action, discussion with plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action was removed from the Sacramento County Superior Court on September 29, 2011 and is proceeding on an amended complaint filed October 2, 2011.[1] On October 12, 2011, defendant United States Postal Service ("USPS") filed a motion to dismiss. Plaintiff opposes the motion.

---

[1] On November 7, 2011, this case was related to case No. 2:10-cv-452-GEB-JFM.

1

In the operative amended complaint, plaintiff alleges that defendant breached a November 5, 2005 settlement agreement entered into with the USPS during the pendency of proceedings initiated by plaintiff with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff also alleges defendant breached a January 22, 2009 settlement agreement entered into under similar circumstances.  Plaintiff seeks $2.5 million in damages.

## STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

## DISCUSSION

Defendant seeks dismissal of the amended complaint on the ground that, pursuant to Munoz v. Mabus, 630 F.3d 856 (9th Cir. 2010), district courts lack jurisdiction over claims for breach of administrative EEOC settlements.

Pursuant to 29 C.F.R. § 1614.603, a federal agency "shall make reasonable efforts to voluntarily settle complaints of discrimination as early as possible . . . .  Any settlement reached shall be in writing and signed by both parties and shall identify the claims resolved." The procedures for claiming breach of an EEO settlement agreement require the claimant to give

the EEOC director notice within 30 days of the breach, and limits available remedies to either specific performance of the settlement agreement or reinstatement of the original discrimination complaint. Id., § 1614.504(a). The regulation further provides that the EEOC is limited to awarding one of these two remedies upon determining that a breach has occurred. Id. § 1614.504(c). As the Munoz court noted, "the regulation is silent as to whether an employee may proceed to federal court after receiving an adverse EEOC determination." 630 F.3d at 862.

The settlement agreements here were purportedly entered into on November 5, 2005 and January 22, 2009. Although the first settlement agreement was written and signed by both parties, the January 22, 2009 agreement was not written and was not signed by the parties.

Notwithstanding any procedural failures, the question remains as to whether plaintiff may seek relief in federal court over his breach of settlement agreement claims at all. In Munoz, the plaintiff, Munoz, filed an EEO complaint alleging that his employer, the Navy, had discriminated against him. 630 F.3d at 858-59. Instead of having his claim processed through EEOC's review mechanism, Munoz and the Navy entered into a settlement agreement. Id. at 859. Pursuant to this agreement, the Navy would provide Munoz with career-enhancing training and Munoz would withdraw his EEO complaint. Id. After Munoz was denied a specific type of training, he alleged that the Navy had breached the settlement agreement. Id. Munoz lost that claim and a related claim; on appeal, the EEOC Office of Federal Operations affirmed, finding that the Navy had not breached the agreement. Id. at 859-60. Munoz appealed to the federal district court, which found that Title VII conferred jurisdiction (but dismissed Munoz's claims on the merits). Id. at 860; see Munoz v. England, 557 F. Supp. 2d 1145 (D. Haw. 2008).

The Ninth Circuit reversed. Munoz, 630 F.3d at 860-61. Deciding an issue of first impression, it held that "Congress' waiver of sovereign immunity under Title VII does not extend to suits to enforce settlement agreements entered into without genuine investigation, reasonable cause determination, and conciliation efforts by the EEOC." Id. After a lengthy

analysis of Title VII's regulations and Tucker Act jurisdiction, 28 U.S.C. § 1491[2], <u>Munoz</u> found that "Congress, while encouraging resolution of Title VII complaints through predetermination settlement agreements, has nonetheless not provided for enforcement of such agreements in federal court. The plain meaning of the text, the overarching regulatory framework, and the long-held prudential interest in narrowly construing waivers of sovereign immunity all compel this conclusion." <u>Id.</u> at 846 (internal citations and footnote omitted). It further found that because the breach of settlement agreement claim "is essentially a contract action against the federal government" which does not require interpretation of federal employment discrimination law, if jurisdiction over the claim existed anywhere, it would be in the Court of Federal Claims, not in the district court. <u>Id.</u> at 864. Accordingly, the Ninth Circuit held that district courts lack jurisdiction over breach of EEO settlement agreement claims. <u>Id.</u> at 861.

Thus, plaintiff's breach of contract claims should be dismissed with prejudice.

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted and plaintiff's claims be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

---

[2] Contract claims against the United States are controlled by the Tucker Act, 28 U.S.C. § 1491. The district courts and the Court of Claims have concurrent jurisdiction over Tucker Act claims. 28 U.S.C. § 1346(a)(2). The Court of Claims has exclusive jurisdiction over claims with damages in excess of $10,000. <u>See id.</u>; 28 U.S.C. § 1491. If plaintiff's contract claims were not based on an EEO settlement agreement, this court may lack jurisdiction because plaintiff seeks more than $10,000.

4

/////

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;ewin2568.mtd

5